IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

UNITED STATES OF AMERICA

VS.  CRIMINAL NO. 2:01cr20
CIVIL ACTION NO. 2:04cv270

WILLIE RAY HUBBARD

## ORDER

This cause is before the Court on [46] Motion filed by Petitioner Willie Ray Hubbard to vacate his sentence under 28 U.S.C. 2255 and [52] Amended Motion under 28 U.S.C. 2255 requesting that this Court vacate his sentence and resentence him and the Court, after considering the Motion, Amended Motion and Response thereto, finds that both motions should be **denied** for the hereinafter stated reasons.

Both the Motion and Amended Motion seek to take advantage of the theory advanced in *United States v. Booker*, S.Ct. 238(2005) that the U.S. Sentencing Guidelines should not have been used to enhance the sentence of Petitioner. Hubbard states that unless facts were found beyond a reasonable doubt that they cannot be used to enhance his sentence. He further argues that the trial judge used same and found by a preponderance of the evidence the facts used for enhancement purposes.

The law in this circuit, and other circuits, is that *Booker* is not to be applied retroactively in cases on collateral review. See *In Re Elwood* 408 F.3d 211, 213 (5th Cir. 2005). "We join our sister circuits and hold that *Booker* does not apply retroactively." See also *McReynolds v. United States*, 397 F.3d 479, 480 (7th Cir. 2005), cert. denied, 2005 WL 11005026 (June 6, 2005) ("We conclude ... that *Booker* does not apply retroactively to criminal cases that became final before its

release on Jan. 12, 2005."); *Varela v. United States*, 400 F.3d 864, 868 (11th Cir. 2005) (*Booker*'s constitutional rule falls squarely under the category of new rules of criminal procedure that do not apply retroactively to § 2255 cases on collateral review.").

The standard for review of a new constitutional rule is that a claim that relies on a new rule of constitutional law will not be successful unless it has been made retroactive to cases on collateral review by the Supreme Court and that said review was previously unavailable.  The Supreme Court has not made *Booker* retroactive to any cases on collateral review and, therefore, it is clear law that the petition of Willie Ray Hubbard should be **denied.**

**NOW, THEREFORE, IT IS HEREBY ORDERED AND ADJUDGED** that the petition filed herein be and the same is **denied** and dismissed with prejudice.

A separate final judgment will be entered herein in accordance with this order as required by Rule 58 of the Federal Rules of Civil Procedure.

SO ORDERED AND ADJUDGED on this, the 27th day of March, 2006.

s/ *Keith Starrett*
UNITED STATES DISTRICT JUDGE